**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

5:25cv00059

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

6/16/2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

**5TH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE,**

**6TH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE,**

**11TH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE,**

**38TH HOUSE OF DELEGATES REPUBLICAN LEGISLATIVE DISTRICT COMMITTEE,**

**53RD HOUSE OF DELEGATES REPUBLICAN LEGISLATIVE DISTRICT COMMITTEE,**

**ALBEMARLE COUNTY REPUBLICAN COMMITTEE,**

**AMHERST COUNTY REPUBLICAN COMMITTEE,**

**APPOMATTOX COUNTY REPUBLICAN COMMITTEE,**

**BEDFORD COUNTY REPUBLICAN COMMITTEE,**

**BOTETOURT COUNTY REPUBLICAN COMMITTEE,**

**CUMBERLAND COUNTY REPUBLICAN COMMITTEE,**

**FAIRFAX COUNTY REPUBLICAN COMMITTEE,**

**FLUVANNA COUNTY REPUBLICAN COMMITTEE,**

**FREDERICK COUNTY REPUBLICAN COMMITTEE.**

**GOOCHLAND COUNTY REPUBLICAN COMMITTEE,**

**GREENE COUNTY REPUBLICAN COMMITTEE,**

**HALIFAX COUNTY REPUBLICAN COMMITTEE,**

**HANOVER COUNTY REPUBLICAN COMMITTEE,**

**HARRISONBURG CITY REPUBLICAN COMMITTEE,**

1

**LOUISA COUNTY REPUBLICAN COMMITTEE,**

**LUNENBERG COUNTY REPUBLICAN COMMITTEE,**

**LYNCHBURG CITY REPUBLICAN COMMITTEE,**

**MECKLENBERG COUNTY REPUBLICAN COMMITTEE,**

**NELSON COUNTY REPUBLICAN COMMITTEE,**

**NOTTOWAY COUNTY REPUBLICAN COMMITTEE,**

**PITTSYLVANIA COUNTY REPUBLICAN COMMITTEE,**

**ROANOKE CITY REPUBLICAN COMMITTEE,**

**ROCKINGHAM COUNTY REPUBLICAN COMMITTEE,**

**WARREN COUNTY REPUBLICAN COMMITTEE,**

**and**

**KENNETH H. ADAMS, AS CHAIRMAN OF THE 36TH HOUSE OF DELEGATES DISTRICT REPUBLICAN COMMITTEE**

<table>
<tr><td></td><td>Plaintiffs</td><td></td></tr>
<tr><td>v.</td><td></td><td>Case No.  5:25cv00059</td></tr>
</table>

**JOHN O'BANNON, AS CHAIRMAN OF THE VIRGINIA BOARD OF ELECTIONS**
Serve:  John O'Bannon
       8111 Rose Hill Rd
       Henrico, Virginia 23229


**ROSALYN R. DANCE, AS VICE-CHAIRMAN OF THE VIRGINIA BOARD OF ELECTIONS**
Serve:  Rosalyn R. Dance
       1748 W. Clara Dr
       Petersburg, Virginia 23803

**GEORGIA ALVIS-LONG, AS SECRETARY OF THE VIRGINIA BOARD OF
ELECTIONS**
Serve:  Georgia Alvis-Long
        443 Galena Rd
        Staunton, Virginia 24401


**CHRISTOPHER STOLLE, AS MEMBER OF THE VIRGINIA BOARD OF ELECTIONS**
Serve: Christopher Stolle
        1037 Ducking Point Trl
        Virginia Beach, Virginia 23455


**MATTHEW WEINSTEIN, AS MEMBER OF THE VIRGINIA BOARD OF ELECTIONS**
Serve:  Matthew Weinstein
        5806 Arlington Blvd
        Arlington, Virginia 22204


and

**VIRGINIA DEPARTMENT OF ELECTIONS,**
Serve:  Susan Beals, Commissioner
        Washington Building
        1100 Bank Street, First Floor
        Richmond, Virginia 23219

                  Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, the 5th Congressional District Republican Committee, the 6th Congressional District Republican Committee, the 11th Congressional District Republican Committee, the 38th House of Delegates Republican Legislative District Committee, the 53rd House of Delegates Republican Legislative District Committee, the Albemarle County Republican Committee,  the Amherst County Republican Committee, the Appomattox County Republican Committee, the Bedford County Republican Committee, the Botetourt County Republican Committee, the Cumberland County Republican Committee, the Fairfax County Republican Committee, the

Fluvanna County Republican Committee, the Frederick County Republican Committee, the Goochland County Republican Committee, the Greene County Republican Committee, the Halifax County Republican Committee, the Hanover County Republican Committee, the Harrisonburg City Republican Committee, the Louisa County Republican Committee, the Lunenberg County Republican Committee, the Lynchburg City Republican Committee, the Mecklenberg County Republican Committee, the Nelson County Republican Committee, the Nottoway County Republican Committee, the Pittsylvania County Republican Committee, the Roanoke City Republican Committee, the Rockingham County Republican Committee, and Warren County Republican Committee, and Kenneth H. Adams, as Chairman of the 36th House of Delegates District Republican Committee, by counsel, file this Complaint for Declaratory and Injunctive Relief.

<u>Nature of the Case</u>

1.      This is a suit challenging the legality of the third sentence of Section 24.2-509(A) of the Code of Virginia (the "<u>Act</u>"), both on its face and as applied.

2.      The Act harms Plaintiffs by infringing upon their right of free association secured by the First Amendment to the United States Constitution.

3.      Specifically, the Act infringes on the rights of Plaintiffs, as subordinate committees of the Republican Party of Virginia (the "Party"), or as the chairman of such a committee, to govern their internal affairs pursuant to their own internal rules, in particular with regard to the method by which such committees nominate the Party's candidates for public office.

4.      The Act infringes on the rights of Plaintiffs, as subordinate committees of a

national and state political party and as the chairman of such a committee, to limit participation in their methods of nomination to those who adhere to the party.

5.     The Act also violates the Fourteenth Amendment due process rights of Plaintiffs, inasmuch as it is unconstitutionally vague.

Jurisdiction and Venue

6.     This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1983 and 1988. This Court has jurisdiction over the claims asserted pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and Rule 57 of the Federal Rules of Civil Procedure. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

The Parties

7.     Plaintiff 5th District Republican Committee (the "5th District Committee") is an unincorporated association created pursuant to the Plan of Organization (the "Plan") of the Party. The 5th Congressional District lies partially within the geographic boundaries of this Court. A copy of the Plan is attached hereto as **Exhibit A**.

8.     Plaintiff 6th District Republican Committee (the "6th District Committee") is an unincorporated association created pursuant to the Plan. The 6th Congressional District lies entirely within the geographic boundaries of this Court.

9.     Plaintiff 11th District Republican Committee (the "11th District Committee") is an unincorporated association created pursuant to the Plan.

10.    Plaintiff 38th House of Delegates Republican Legislative District Committee (the

5

"38th HOD Committee") is an unincorporated association created pursuant to the Plan. The 38th House of Delegates District (the "38th HOD District") lies entirely within the geographic boundaries of this Court.

11.     Plaintiff 53rd House of Delegates Republican Legislative District Committee (the "53rd HOD Committee") is an unincorporated association created pursuant to the Plan. The 53rd House of Delegates District (the "53rd HOD District") lies partially within the geographic boundaries of this Court.

12.     Plaintiff Albemarle County Republican Committee (the "Albemarle Committee") is an unincorporated association created pursuant to the Plan. Albemarle County lies entirely within the geographic boundaries of this Court.

13.     Plaintiff Amherst County Republican Committee (the "Amherst Committee") is an unincorporated association created pursuant to the Plan. Amherst County lies entirely within the geographic boundaries of this Court.

14.     Plaintiff Appomattox County Republican Committee (the "Appomattox Committee") is an unincorporated association created pursuant to the Plan. Appomattox County lies entirely within the geographic boundaries of this Court.

15.     Plaintiff Bedford County Republican Committee (the "Bedford Committee") is an unincorporated association created pursuant to the Plan. Bedford County lies entirely within the geographic boundaries of this Court.

16.     Plaintiff Botetourt County Republican Committee (the "Botetourt Committee") is an unincorporated association created pursuant to the Plan. Botetourt County lies entirely within the geographic boundaries of this Court.

17.     Plaintiff Cumberland County Republican Committee (the "Cumberland Committee") is an unincorporated association created pursuant to the Plan. Cumberland County lies entirely within the geographic boundaries of this Court.

18.     Plaintiff Fairfax County Republican Committee (the "Fairfax Committee") is an unincorporated association created pursuant to the Plan.

19.     Plaintiff Fluvanna County Republican Committee (the "Fluvanna Committee") is an unincorporated association created pursuant to the Plan. Fluvanna County lies entirely within the geographic boundaries of this Court.

20.     Plaintiff Frederick County Republican Committee (the "Frederick Committee") is an unincorporated association created pursuant to the Plan. Frederick County lies entirely within the geographic boundaries of this Court.

21.     Plaintiff Goochland County Republican Committee (the "Goochland Committee") is an unincorporated association created pursuant to the Plan.

22.     Plaintiff Greene County Republican Committee (the "Greene Committee") is an unincorporated association created pursuant to the Plan. Greene County lies entirely within the geographic boundaries of this Court.

23.     Plaintiff Halifax County Republican Committee (the "Halifax Committee") is an unincorporated association created pursuant to the Plan. Halifax County lies entirely within the geographic boundaries of this Court.

24.     Plaintiff Hanover County Republican Committee (the "Hanover Committee") is an unincorporated association created pursuant to the Plan.

25.     Plaintiff Harrisonburg City Republican Committee (the "Harrisonburg

Committee") is an unincorporated association created pursuant to the Plan. Harrisonburg County lies entirely within the geographic boundaries of this Court.

26.    Plaintiff Louisa County Republican Committee (the "Louisa Committee") is an unincorporated association created pursuant to the Plan. Louisa County lies entirely within the geographic boundaries of this Court.

27.    Plaintiff Lunenburg County Republican Committee (the "Lunenburg Committee") is an unincorporated association created pursuant to the Plan.

28.    Plaintiff Lynchburg City Republican Committee (the "Lynchburg Committee") is an unincorporated association created pursuant to the Plan. The City of Lynchburg lies entirely within the geographic boundaries of this Court.

29.    Plaintiff Mecklenburg County Republican Committee (the "Mecklenburg Committee") is an unincorporated association created pursuant to the Plan.

30.    Plaintiff Pittsylvania County Republican Committee (the "Pittsylvania Committee") is an unincorporated association created pursuant to the Plan. Pittsylvania County lies entirely within the geographic boundaries of this Court.

31.    Plaintiff Roanoke City Republican Committee (the "Roanoke Committee") is an unincorporated association created pursuant to the Plan. The City of Roanoke lies entirely within the geographic boundaries of this Court.

32.    Plaintiff Rockingham County Republican Committee (the "Rockingham Committee") is an unincorporated association created pursuant to the Plan. Rockingham County lies entirely within the geographic boundaries of this Court.

33.    Plaintiff Warren County Republican Committee (the "Warren Committee") is an

unincorporated association created pursuant to the Plan. Warren County lies entirely within the geographic boundaries of this Court.

34.    Plaintiff Kenneth H. Adams is a natural person and a resident of, and registered voter in, the City of Waynesboro, Virginia. Mr. Adams is a member of the Party and the chairman of 36th House of Delegates Republican Legislative District Committee (the "36th HOD Committee"). The 36th HOD Committee is an unincorporated association created pursuant to the Plan, and Mr. Adams' rights and responsibilities as chairman of the 36th HOD Committee are set forth in the Plan and in the Code of Virginia. The 36th House of Delegates District (the "36th HOD District") lies entirely within the geographic boundaries of this Court.

35.    Defendants John O'Bannon, Rosalyn R. Dance, Georgia Alvis-Long, Christopher Stolle, and Matthew Weinstein are respectively the Chairman, Vice Chairman, Secretary, and Members of the Virginia State Board of Elections (the "Board"). They are sued in their official capacities. As officials of the Board they implement and enforce the laws of the Commonwealth of Virginia related to elections. Va. Code (1950) § 24.2-500, *et seq*. The Virginia Code grants the Board authority to make rules and regulations, issue instructions, and provide information "consistent with the election laws to the electoral boards and registrars" and to take legal action to enforce those laws. Va. Code (1950) § 24.2-103.

36.    Defendant Virginia Department of Elections (the "Department") is an agency of the Commonwealth of Virginia. The Department is responsible for and conducts the State Board of Elections' administrative and programmatic operations and discharges the duties of the Board.

<u>Facts</u>

A.  <u>First Amendment Associational Rights of Political Parties.</u>

9

37.    The right of free association protected by the First Amendment to the United States Constitution includes the right of political parties to establish their own internal rules.

38.    Among the most important internal rules of political parties are the rules that determine the method by which they nominate candidates for public office.

39.    State action requiring political parties to permit non-members to participate in such parties' nomination processes against the wishes of such parties violates the right of free association protected by the First Amendment.

B.  <u>The Party and its Plan</u>.

40.    The Party sets forth its internal rules in the Plan.

41.    The Party delegates its power to determine the method by which it nominates candidate for office to various committees established in the Plan. For example, the Party's State Central Committee is empowered to select the method of nomination for statewide candidates pursuant to Article III, Section D(1)(b) of the Plan.

42.    Article IV, Section D(1)(a) of the Plan grants Congressional District Committees, including Plaintiffs the 5th District Committee, the 6th District Committee, and the 11th District Committee (collectively, the "District Committees"), the power and responsibility to determine the method by which the Republican candidates for public office for their respective congressional districts shall be nominated.

43.    Pursuant to the Article IV, Section D(1)(a) of the Plan, there are three methods of nomination available to the District Committees: convention, party canvass, or primary.

44.    Article V, Section D(1)(a) of the Plan grants Legislative District Committees, including the 36th HOD Committee and Plaintiffs the 38th HOD Committee and 53rd HOD

10

Committee (collectively, the Legislative District Committees"), the power and responsibility to determine the method by which the Republican candidates for public office for their respective state legislative districts shall be nominated.

45.     Pursuant to the Article V, Section D(1)(a) of the Plan, there are four methods of nomination available to the Legislative District Committees: mass meeting, convention, party canvass, or primary.

46.     Article VI, Section D(1)(a) of the Plan grants City and County Committees, including Plaintiffs Albemarle County Republican Committee,  the Amherst Committee, the Appomattox Committee, the Bedford Committee, the Botetourt Committee, the Cumberland Committee, the Fairfax Committee, the Fluvanna Committee, the Frederick Committee, the Goochland Committee, the Greene Committee, the Halifax Committee, the Hanover Committee, the Harrisonburg Committee, the Louisa Committee, the Lunenberg Committee, the Lynchburg Committee, the Mecklenberg Committee, the Nelson Committee, the Nottoway Committee, the Pittsylvania Committee, the Roanoke Committee, the Rockingham Committee, and Warren Committee (collectively, the "Unit Committees"), the power and responsibility to determine the method by which the Republican candidates for local and constitutional offices for the their respective city or county shall be nominated.

47.     Pursuant to the Article VI, Section D(1)(a) of the Plan, there are four methods of nomination available to the Unit Committees: mass meeting, convention, party canvass, or primary.

48.     The Plan states that only those individuals who adhere to the principles of the Party are qualified to participate in the activities of the Party, including in the processes by which

the Party nominates its candidates for public office.

49.    Article I, Section A of the Plan provides as follows:

All legal and qualified voters under the laws of the Commonwealth of Virginia, regardless of race, religion, national origin or sex, who are in accord with the principles of the Republican Party, and who, if requested, express in open meeting either orally or in writing as may be required their intent to support all of its nominees for public office in the ensuing election may participate as members of the Republican Party of Virginia in its mass meetings, party canvasses, conventions, or *primaries* encompassing their respective election districts.

(italics added)

50.    Article I, Section B of the Plan provides, in relevant part, as follows:

All Chairmen and members of Official Committees, delegates to Conventions, and voters in Mass Meetings or Party Canvasses provided for in the State Party Plan shall be members of the Republican Party of Virginia as stated in this Article and much be legally qualified voters of their respective Units or election Districts which they represent as Chairmen, members, delegates or voters.

51.    Mr. Adams and the vast majority of the members who constitute the District Committees, the Legislative District Committees, and the Unit Committees (collectively, the "Committee Plaintiffs") are neither lawyers nor election professionals. Rather, they are lay volunteers.

52.    The Committee Plaintiffs have modest budgets and generally do not have the resources to retain lawyers or election professionals to assist them in fulfilling their duties under

12

the Plan and, as set forth below, Virginia law.

C. <u>Relevant Virginia Election Law</u>.

a. <u>The Act and its Effect</u>.

53.    In its current form, Section 24.2-509 of the Code of Virginia (the "Act") provides as follows:

A. The duly constituted authorities of the state political party shall have the right to determine the method by which a party nomination for a member of the United States Senate or for any statewide office shall be made. The duly constituted authorities of the political party for the district, county, city, or town in which any other office is to be filled shall have the right to determine the method by which a party nomination for that office shall be made. *A method of nomination shall not be selected if such method will have the practical effect of excluding participation in the nominating process by qualified voters who are otherwise eligible to participate in the nominating process under that political party's rules but are unable to attend meetings because they are (i) a member of a uniformed service, as defined in § 24.2-452, on active duty; (ii) temporarily residing outside of the United States; (iii) a student attending a school or institution of higher education; (iv) a person with a disability; or (v) a person who has a communicable disease of public health threat as defined in § 32.1-48.06 or who may have come in contact with a person with such disease. However, such restriction shall not apply when selecting a candidate for a special election or nominating a candidate pursuant to § 24.2-539, or in the event that no candidate files the required paperwork by the deadline prescribed in § 24.2-522.*

B. Notwithstanding subsection A, the following provisions shall apply to the determination of the method of making party nominations. A party shall nominate its candidate for election for a General Assembly district where there is only one incumbent of that party for the district by the method designated by that incumbent, or absent any designation by him by the method of nomination determined by the party. A party shall nominate its candidates for election for a General Assembly district where there is more than one incumbent of that party for the district by a primary unless all the incumbents consent to a different method of nomination. A party, whose candidate at the immediately preceding election for a particular office other than the General Assembly (i) was nominated by a primary or filed for a primary but was not opposed and (ii) was elected at the general election, shall nominate a candidate for the next election for that office by a primary unless all incumbents of that party for that office consent to a different method.

When, under any of the foregoing provisions, no incumbents offer as candidates for reelection to the same office, the method of nomination shall be determined by the political party.

For the purposes of this subsection, any officeholder who offers for reelection to the same office shall be deemed an incumbent notwithstanding that the district which he represents differs in part from that for which he offers for election.

(italics added)

54.      Prior to 2021, the text of Section 24.2-509 of the Code of Virginia was identical

to the current language of the Act, as set forth in paragraph 53, except that the italicized language was not included.

55.    On January 19, 2018, this Court found that Subsection B of the Act, as it existed then and as it exists now, was an unconstitutional infringement of the 6th District Committee's First Amendment associational rights. Accordingly, this Court permanently enjoined the enforcement of Subsection B of the Act in its entirety. *Fitzgerald v. Alcorn*, 285 F.Supp. 922 (W.D.Va. 2018). On January 9, 2019, the United States Circuit Court of Appeals for the Fourth Circuit upheld that decision of this Court. *6th Cong. Dist. Republican Comm. V. Alcorn*, 913 F.3d 393 (2019).

56.    In 2021, the Virginia legislature passed legislation amending and reenacting Section 24.2-509 in its current form, explicitly adding the italicized language in paragraph 53 and explicitly reenacting Subsection B of the Act, despite the holdings of this Court and the Court of Appeals.

57.    The Board and Department have consistently enforced Section 24.2-509(A) of the Code of Virginia, including the italicized language in paragraph 53, and continue to do so.

58.    On February 16, 2024, the Attorney General of Virginia issued an official advisory opinion (the "Opinion") related to the Act.

59.    In the Opinion, the Attorney General of Virginia stated that "under § 24.2.-509(A), a political party may not select a nomination method that *de facto* requires covered voters to be physically present to participate or that otherwise has the practical effect of excluding their participation."

60.    Based upon the text of the Act and the Opinion, Defendants enforce the Act to

15

preclude the use of any method of nomination for Party nominees for public office other than a public primary, conducted by the Department pursuant to Virginia law.

61.    Based upon the text of the Act and the Opinion, Plaintiffs interpret the Act as precluding the use of any method of nomination for Party nominees for public office other than a public primary, conducted by the Department pursuant to Virginia law.

62.    The text of the Act has the effect of chilling Plaintiffs from using any method of nomination for Party nominees for public office other than a public primary, conducted by the Department pursuant to Virginia law.

63.    The Act, in its text, its enforcement by Defendants, and its chilling effect on Plaintiffs, has prevented Plaintiffs from using any method of nomination for Party nominees for public office other than a public primary, conducted by the Department pursuant to Virginia law.

b.    Virginia Primaries are Open Primaries.

64.    Section 24.2-530 of the Code of Virginia requires that primaries conducted by the Board and Department be open to all persons qualified to vote, irrespective of whether they belong to or share the principles of the party whose nomination is being determined.

65.    The Board and Department do not register voters by political party.

66.    If nomination is by a primary administered by the Board and Department, there is no practicable means of limiting participation in the Party's nomination process to individuals who are qualified to do so under the Plan.

c.    Committee Chairman are Required to Submit to the Act.

67.    Section 24.2-516 of the Code of Virginia requires Mr. Adams, in his capacity as chairman of the 36th HOD Committee, to certify whether a primary has been chosen as the

16

method of nomination for the Party candidate(s) for public office in the 36th HOD District.

68.    Section 24.2-527 of the Code of Virginia requires Mr. Adams to certify the candidates for a primary.

69.    Should Mr. Adams refuse to make the certifications required under Sections 24.2-516 and 24.2-527, he risks being charged with a misdemeanor under Section 24.2-1001 of the Code of Virginia.

70.    The Act harms Mr. Adams by forcing him to choose between his obligations under the Plan and the dictates of the Act, on pain of criminal sanctions.

Count One
First Amendment of the United States Constitution
Freedom of Association

71.    Paragraphs 1 through 70 are fully incorporated herein.

72.    The Act contravenes the First Amendment right of free association of the Committee Plaintiffs, by usurping their right and responsibility under the Plan to determine the method of nomination for Party candidates for public office. *Cal. Democratic Party v. Jones*, 530 U.S. 567, 576 (2000) ("the special place the First Amendment reserves for, and the special protection it affords, the process by which a political party selects a standard bearer who best represents the party's ideologies and preferences").

73.    The Act contravenes the First Amendment right of free association of the Committee Plaintiffs, by compelling them to select Party candidates for public office by a method that is not limited to members or adherents of the Party. *Id. At 574* ("a corollary to the right to associate is the right not to associate").

74.    The Act contravenes the First Amendment by chilling the Committee Plaintiffs

17

First Amendment right of free association.

75.     The Act contravenes the First Amendment right of free association of Mr. Adams
to fully execute his duties under the Plan, without fear of criminal prosecution.

76.     The Act is not narrowly tailored to serve a compelling state interest.

<u>Count Two</u>
<u>Fourteenth Amendment of the United States Constitution</u>
<u>Vagueness</u>

77.     Paragraphs 1 through 76 are fully incorporated herein.

78.     It is a basic principle of due process that an enactment is void for vagueness if its
prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

79.     A law is impermissibly vague if it fails to "give a person of ordinary intelligence
adequate notice of what conduct is prohibited" or does not "include sufficient standards to
prevent arbitrary and discriminatory enforcement." *Manning v. Caldwell*, 930 F.3d 264, 273 (4th
Cir. 2019) (citations omitted).

80.     If a law "interferes with the right of free speech or of association, a more stringent
vagueness test should apply." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455
U.S. 489, 499 (1982). "Certainty is all the more essential when vagueness might induce
individuals to forego their rights of speech, press, and association for fear of violating an unclear
law." *Scull v. Virginia*,. 359 U.S. 344, 353 (1959).

81.     The Act reads, in relevant part, "[a] method of nomination shall not be selected if
such method will have the practical effect of excluding participation in the nominating process
by qualified voters who are otherwise eligible to participate in the nominating process under that
political party's rules but are unable to attend meetings because they are [members of certain

enumerated classes of voters].”

82.    The Act does not define any of the terms used in it, including the term “practical effect.”

83.    The Act does not specify what methods of nomination other than a public primary conducted by the Department comply with its requirements.

84.    Defendants have not provided any guidance as to what methods of nomination other than a public primary conducted by the Department comply with its requirements.

85.    The Act does not set out the consequences for a failure to comply with its provisions.

86.    Plaintiffs have reason to believe that if they use a method of nomination for Party candidates for public office other than a public primary, the results of such method will not be honored by Defendants, and Defendants will not place the nominee(s) selected in such nomination method on the general election ballot.

<u>Relief Requested</u>

WHEREFORE, Plaintiffs respectfully request that:

A.    The Court declare that the third sentence of Section 24.2-509(A) of the Code of Virginia violates the First and Fourteenth Amendments to the Constitution of the United States, both on its face and as applied.

B.    The Court grant them such further relief as may be necessary to effectuate the declaratory judgment issued by this Court;

C.    The Court issue a permanent injunction prohibiting Defendants from enforcing the third sentence of Section 24.2-509(A) of the Code of Virginia;

19

D.      The Court make all further orders just, necessary and proper to ensure complete fulfilment of this Court's declaratory and injunctive orders in this case;

E.      The Court issue an order requiring the defendants to pay plaintiff's costs, expenses and reasonable attorney's fees incurred in the prosecution of this action, as authorized by 42 U.S.C. §1988; and

F.      The Court grant such other and further relief as is appropriate and just.

Respectfully Submitted,

**THE 5TH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE, ET AL.,**

By Counsel

_____s/Jeffrey R. Adams_____
Jeffrey R. Adams (VSB No. 43411)
Nicholas W. Dudley (VSB No. 96957)
Wharton, Aldhizer & Weaver, PLC
125 S. Augusta Street
Staunton, Virginia 24401
Telephone: 540-885-0199
Facsimile: 540-213-0390
Email: jadams@wawlaw.com
        ndudley@wawlaw.com